# ADDENDUM.

---

The People of Porto Rico, Respondent, *v*. James E. Kent, Appellant.

Appeal from a judgment rendered by the District Court of San Juan.

No. 46.—Decided March 31, 1906.

CONCURRENT OPINION OF MR. JUSTICE WOLF.

Note.—This concurrent opinion, delivered by Mr. Justice Wolf in the above-entitled cause, was omitted from the full report of the case and the judgment of the court, as delivered by Mr. Justice MacLeary, printed in Volume 10, page 325, of the Porto Rico Reports.

I concur with the majority of the court in maintaining that the judgment of the District Court of San Juan should be affirmed and I am in accord with most of the reasoning of the majority opinion.

One of the principal questions involved was whether the record showed the confession to have been made voluntarily. The facts surrounding this confession have been fully set forth by the court, and I think there was enough evidence tending to show that such confession was a voluntary one. The question of its voluntary character was inquired into by the court below after a preliminary examination of the witnesses offered by the *fiscal* and of the defendant, and that court decided to admit it in evidence. Subsequently, at the request of counsel for the defendant the court permitted the witness, Dexter, and the defendant to testify with respect to the confession. Thus it was brought within the power of the jury to reject the confession as not being the voluntary act of the accused. Counsel for the defense asked for no instructions

on this point, and no specific ones were given. Even if counsel had asked for an instruction that the jury should reject the confession, if upon the whole evidence they were satisfied that it was not the voluntary act of the accused, and the court had refused the instruction, I do not believe that such refusal would have been error, because, I conceive, that the record and the instructions show that the court had determined that question for itself.

However, no specific instruction was asked, and no exception taken to the charge of the court. The law of May 30, 1904, says:

"Whenever it appears from the record in any criminal case upon appeal in the Supreme Court, that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties, and was duly excepted to in the trial court; provided, however, that the appellate court may take cognizance of fundamental errors appearing in the record, although not excepted to, and render such judgment thereon as the facts and the law may require."

In view of the circumstances of this case, and especially considering the fact that the evidence of Dexter and of the accused was submitted to the jury at the request of counsel for the accused, in no event could the absence of special instructions as to the confession be considered a fundamental error. The essential question of the admissibility of the confession was passed upon by the judge who tried the case, and I do not find that his action constituted error.

With respect to the other errors alleged I agree with the conclusion of the majority opinion and therefore concur in the judgment.